[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14213
Non-Argument Calendar

_____

D. C. Docket No. 07-00041-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MACEDO-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 26, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

On March 31, 2008, the district court accepted appellant's plea of not guilty

to a violation of 8 U.S.C. § 1326(b)(1), illegal reentry of a removed alien, and on July 10, 2008, the court sentenced appellant to prison for a term of eleven months and fined him the sum of $2,000. He now appeals his sentence, challenging only the fine.

The presentence investigation report ("PSI") concluded that, based on appellant's financial condition, the specifics of which it discussed, it did not appear that appellant would be able to pay a fine within the applicable range of the Sentencing Guidelines, which was $2,000 to $20,000. At sentencing, however, the district court imposed a fine of $2,000, ordering Macedo to make payments from any wages that he might earn in prison "in accordance with the Bureau of Prisons' ["BOP"] financial program," and stating that the payment of any remaining portion of the fine upon his release from imprisonment would become a condition of supervision to be paid at a monthly rate of $100.

Appellant contends that the district court erred by failing to consider his lack of income, his earning capacity, which was non-existent in the United States and would be "greatly diminished" upon his deportation to Mexico, the fact that he had no assets other than a house in foreclosure and a car needed for his family's transportation, and the burden the fine and monthly installments would impose on his six dependents, his wife and five children between the ages of two and eleven.

2

He contends that the district court erred in finding that he, as an alien criminal, could participate in the BOP's fiscal responsibility program. He asserts that he met his burden of demonstrating the inability to pay a fine, and, as he argued in the district court, he could not work in the prison industry, and that providing for six dependents in Mexico "would be all he could handle financially."

We review a district court's decision that the defendant is able to pay a fine for clear error. United States v. Gonzalez, 541 F.3d 1250, 1255 (11th Cir. 2008). The defendant bears the burden of proving inability to pay. Id. In determining whether to impose a fine, the district court considers, in relevant part, and in addition to the 18 U.S.C. § 3553(a) sentencing factors, "the defendant's income, earning capacity, and financial resources; . . . the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose." 18 U.S.C. § 3572(a).

The Guidelines require the district court to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). If the court concludes that a fine is appropriate, it should consider, inter alia, the following in determining the amount

3

of the fine:

> (1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;
>
> (2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;
>
> (3) the burden that the fine places on the defendant and his dependents relative to alternative punishments; [and]
>
> . . .
>
> (8) any other pertinent equitable considerations.
>
> The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive.

U.S.S.G. § 5E1.2(d). The court may impose a lesser fine or waive a fine if the defendant establishes "that (1) he is not able and, even with the use of a reasonable schedule, is not likely to become able to pay all or part of the fine required by [application of § 5E1.2], or (2) imposition of a fine would unduly burden the defendant's dependents." Id. § 5E1.2(e).

We do "not require the sentencing court to make specific findings of fact with respect to the Sentencing Guideline factors as long as the record reflects the district court's consideration of the pertinent factors prior to imposing the fine." Gonzalez, 541 F.3d at 1256 (quotation omitted). "If the record does not reflect the

4

district court's reasoned basis for imposing a fine, we must remand the case so that the necessary factual findings can be made." Id. (quotation omitted). In Gonzalez, we vacated the court's judgment and remanded the case for resentencing, where the PSI provided detailed financial analysis of the defendant's assets and concluded that the defendant lacked the ability to pay a fine in addition to mandatory restitution, the court gave no explanation for an above-guideline fine that it imposed, and the defendant objected to the fine. Id.

Here, because the district court's bases for finding appellant able to pay a fine and for setting the fine rate were unclear, inconsistent, and inadequate, we vacate his sentence and remand for resentencing.

**VACATED AND REMANDED.**